UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Gary Thomas Patterson, | ) C/A No.: 7:16-666-MGL-KFM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Spartanburg Sheriff's Department; Sheriff Chuck Wright; M.B. Letterman; and Inspector Gary, | ) |
| Defendants. | ) |

The plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil rights action to recover a reward. Under Local Civ. Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action were referred to the assigned United States Magistrate Judge.

On March 10, 2016, this Court issued an order advising the plaintiff that his case was not in proper form and directing him to bring the case into proper form by April 4, 2016 (doc. 7). The plaintiff brought the case in to proper form on March 31, 2016. Notably, when the plaintiff submitted the proper form documents requested by the court—a summons listing each defendant's name and USM 285 for each defendant—the plaintiff listed only one defendant, Sheriff Chuck Wright.

## BACKGROUND

In the complaint, the plaintiff contends that a "reward" was offered for information concerning a "person of interest'" in connection with the November 6, 2003, murder of four individuals in Chesnee, South Carolina (docs. 1 at 3; 1-1). The plaintiff

states that he had information pertaining to the murder and went to the Spartanburg County Sheriff's Office to provide this information in exchange for the "reward" (doc. 1 at 3). He alleges that "they" refused to "give [the plaintiff] any provisions as to how [he] could collect the reward, as [he] informed them that [he] would require the reward money so as to protect [him]self and also since [he] found their killer" (*id.*). The plaintiff contends Inspector Gary indicated that he would call the county attorney about the matter (*id.*). the plaintiff alleges Sheriff Wright called and left him a message (*id.*). The plaintiff returned the call and left messages, but Wright did not call him back (*id.*). The plaintiff asserts that he spoke to M.B. Letterman at the Gaffney Courthouse to "no avail" (*id.*). The plaintiff makes no specific allegations against the Spartanburg County Sheriff's Office.

## STANDARD OF REVIEW

The plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B) (i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal court is charged

with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, a the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

## **DISCUSSION**

Here, the plaintiff is seeking to recover a "reward." It appears to the Court that the plaintiff is bringing a state law claim for breach of contract. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts

providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399.  To this end, Rule 8(a)(1), of the Federal Rules of Civil Procedure, requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.*  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a).  Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central W. Va. Energy Co.*, 636 F.3d at 103.  Here, it appears that the plaintiff is domiciled in South Carolina (doc. 1 at 2).  Further, the plaintiff has provided a South Carolina address for Wright (doc. 11-1).  Thus, there is at least one defendant domiciled in South Carolina, so complete diversity is lacking.  Accordingly, this court has no diversity jurisdiction over this

action.

If a the plaintiff's complaint raises a federal question, this court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). As noted above, it appears that the plaintiff's complaint asserts a state law claim for breach of contract, and the plaintiff does not allege a violation of the United States Constitution or any federal law.[1] Therefore, there is no federal question jurisdiction over this action.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **the plaintiff's attention is directed to the important notice on the next page.**

April 12, 2016  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

---

[1] The plaintiff states that he wants the defendants to be charged with discrimination because he is an American Indian (doc. 1 at 5); however, this is insufficient to present a federal question. The plaintiff has not alleged a plausible equal protection claim because he has not alleged that he has been treated differently from someone similarly situated. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).